# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**SANTINY CONTRACTORS, LLC**                                    CIVIL ACTION NO.

**VERSUS**                                                                     19-780-JWD-EWD

**VICRAM SAYANIA AND**
**NOBEL HOTELS, LLC**

## NOTICE AND ORDER

On November 13, 2019, Santiny Contractors, LLC ("Plaintiff") filed its Complaint against Vicram Sayania ("Sayania") and Nobel Hotels, LLC ("Noble") (collectively, "Defendants") in this Court, alleging that Defendants breached its contract with Plaintiff and asserting claims for damages. Plaintiff asserts that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1] With respect to the amount in controversy, the Complaint specifically alleges that Defendants owe Plaintiff more than $75,000 under the terms of the contract, and Plaintiff also pleads that the amount in controversy exceeds $75,000, exclusive of interest and costs.[2] Therefore, the amount in controversy is met. With respect to the citizenship of the parties, only Defendant Sayania's citizenship is sufficiently pled.[3] Citizenship has not been adequately alleged with respect to the remaining parties. Specifically, Plaintiff alleges that Plaintiff, which has the "LLC" suffix in its name, "is a Louisiana company with its principal place of business in Baton Rouge, Louisiana," and that Nobel Hotels, LLC is "an Alabama company with its principal place of business in Opelika, Alabama…."[4]

---

[1] R. Doc. 1, ¶ III.
[2] R. Doc. 1, ¶¶ III, IX.
[3] R. Doc. 1, ¶ II(a) (Alleging that Sayania, an individual, is an Alabama citizen).
[4] R. Doc. 1, ¶¶ I, II(b).

Plaintiff and Nobel's names suggest that they are limited liability companies. For purposes of diversity, "the citizenship of a limited liability company is determined by the citizenship of all of its members."[5] Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company.[6]

The Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether there is complete diversity of citizenship among the parties.[7]

Accordingly,

**IT IS HEREBY ORDERED** that, on or before **December 2**, **2019,** Plaintiff Santiny Contractors, LLC shall file a motion to substitute its Complaint[8] with a proposed pleading that is a comprehensive amended Complaint (*i.e.*, includes all of Plaintiff's numbered allegations, as revised, supplemented, and/or amended), which adequately alleges the citizenship of all parties to establish that the Court has diversity jurisdiction over the case and which will become the operative Complaint in this matter without reference to any other document in the record.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on November 22, 2019.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008).
[6] *See Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd*., 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("[W]hen partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).
[7] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").
[8] R. Doc. 1.