UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SANTINY CONTRACTORS, LLC | CIVIL ACTION |
| VERSUS | NO. 19-780-SDJ |
| VICRAM SAYANIA AND NOBEL HOTELS, LLC | |

### ORDER

Before the Court is Plaintiff's Motion to Compel and Deem Facts Admitted and Reset Scheduling Order (R. Doc. 33). For the reasons given below, Plaintiff's Motion is **DENIED** as to each form of requested relief.

First, Plaintiff filed its Motion to Compel 3 months after the October 15, 2020 discovery deadline. (R. Doc. 29). Ordinarily, a discovery motion must be filed within the discovery period. However, because the discovery at issue here was due on October 14, 2020—one day before the deadline—the 7-day grace period provided in Local Rule 26(d) applied and required Plaintiff to file the instant Motion to Compel by October 22, 2020, at the latest. *See* LR 26(d) ("Absent exceptional circumstances, no motions relating to discovery . . . shall be filed after the expiration of the discovery deadline, unless they are filed within seven days after the discovery deadline and pertain to conduct occurring during the final seven days of discovery.").

Instead of taking advantage Local Rule 26(d), Plaintiff waited until October 21, 2020 to first contact Defendants about the outstanding discovery, and the parties did not confer until October 30, 2020. (R. Doc. 33-1 at 2). From there, Plaintiff periodically discussed the outstanding discovery with Defendants over a period of 3 months—despite Defendants' repeated failures to respond, as promised—before finally moving to compel. Other than the timeline provided by

Plaintiff, which includes little detail, the Court has not been provided with information sufficient to show the exceptional circumstances required by Local Rule 26(d) to warrant consideration of the untimely Motion to Compel. *Savoy v. Stroughter*, 2020 WL 4006665, at *1 (M.D. La. July 15, 2020) ("Plaintiff has made no effort to show 'exceptional circumstances,' and his Motion to Compel must be denied as untimely."); *Bryant v. State Farm Mut. Auto. Ins. Co.*, 2018 WL 3869981, at *1 (M.D. La. Aug. 14, 2018) (denying untimely filed motion to compel an independent medical examination and holding: "Having found no exceptional circumstances to order an untimely Rule 35 examination based on the assertions in the instant motion, the Court will deny the instant motion as untimely."). Plaintiff's Motion to Compel must therefore be **DENIED** as untimely.

Second the Motion to Compel does not clearly indicate which discovery requests are at issue with respect to Nobel Hotels. Beyond that, the Motion does not comply with Local Rule 37, which required Plaintiff to "quote verbatim each interrogatory, request for production and request for admission to which the motion is addressed, followed immediately by the verbatim response or objection." Plaintiff's failure to clearly indicate the discovery requests at issue with respect to Nobel Hotels, and its failure to comply with Local Rule 37, further support **DENYING** its Motion to Compel.

Third, Plaintiff's Motion also includes a request to deem admitted the facts contained in its Requests for Admission to Vicram Sayania, which have gone unanswered. But this request for relief must be **DENIED as moot** "[b]ecause Rule 36[(a)(3)] is self-executing." *Rass v. AHA Huts, LLC*, 2019 WL 5068655, at *1 (M.D. La. Oct. 9, 2019). In other words, Sayania's "[f]ailure to respond to requests for admission results in automatic admission of the matters requested. No motion to establish the admissions is needed." *Smith v. Pac. Bell Tel. Co.*, 662 F. Supp. 2d 1199,

1229 (E.D. Cal. 2009) ("because Federal Rule of Civil Procedure 36(a) is self-executing"); *see also Sodexo Operations, LLC v. Gulf States Long Term Acute Care of Covington, LLC*, 2009 WL 10679374, at *1 n.3 (M.D. La. July 2, 2009) ("Under Rule 36(a)(3), the defendants' failure to respond to the requests within 30 days of service means the requests are admitted without the necessity of a motion by the plaintiff. Rule 36 is self-executing."); *Jiles v. Wright Med. Tech., Inc.*, 313 F. Supp. 3d 822, 850-51 (S.D. Tex. 2018) ("[Defendant] [correctly] contends that it is not required to move to have the admissions admitted because Rule 36 is self-executing. . . . [R]ules [36(a)(3) and (b)] make clear that the requests were automatically admitted when [plaintiff] failed to respond within thirty days . . . .").

And finally, Plaintiff requests an extension of the Scheduling Order deadlines to accommodate Defendants' failures to respond (or adequately respond) to discovery. However, it is unclear which deadlines are at issue or how much additional time is being sought. And to the extent Plaintiff seeks an extension of any deadlines that expired before the filing of its Motion, the request is untimely, and Plaintiff has not shown excusable neglect or good cause for an extension. For any deadlines that had not already expired, Plaintiff has not shown good cause for any extension, given the limited information contained in its Motion and the fact that the Court has denied its Motion to Compel. Finally, Plaintiff failed to comply with Local Rule 7(e), which required Plaintiff to attempt to confer with its opponents about the requested extension and to include with its Motion a certificate stating the position of each party. For these reasons, Plaintiff's Motion is **DENIED** to the extent Plaintiff seeks an extension of any deadlines.

Signed in Baton Rouge, Louisiana, on January 19, 2021.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**